UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL VERNON HALL,<br><br>        Plaintiff,<br><br>        v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | Case No. 2:17-cv-06216-RGK (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT RULES AND FAILURE TO PROSECUTE** |

### I.     BACKGROUND AND SUMMARY OF ORDER

On April 10, 2017, Plaintiff Nathaniel Vernon Hall ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a Complaint against employees at the California State Prison in Lancaster, California ("CSP Lancaster"). Electronic Case Filing Number ("ECF No.") 1, Complaint; ECF No. 15, Notice of Change of Address. Specifically, Plaintiff alleged constitutional violations, under 42 U.S.C. § 1983 and an assortment of state law violations against Secretary and Director Scott Kernan, Correctional Sergeant Giavonni Lewis, Correctional Lieutenant C. Hughes, Correctional Sergeant Bermudez, Warden Debbie Asuncion, Sergeant Mojarra, and Doe Defendants one through ten (collectively, "Defendants"), in their official and individual capacities. ECF No. 1, Complaint.

On May 21, 2018, the Court issued an order dismissing Plaintiff's Complaint with leave to amend the pleading or voluntarily dismiss all or part of the action within 21 days of the issuance of the order ("ODLA"), because the FAC contained at least one viable constitutional claim. ECF No. 21, ODLA at 6-9. Plaintiff has neither filed an amended complaint nor requested an extension of time to file an amended complaint.

In light of Plaintiff's failure to prosecute this matter diligently, the Court **DISMISSES** Plaintiff's action, without prejudice, for unreasonable delay in prosecuting this action in violation of Local Rule 41-1.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Want of Prosecution.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986). Further, Local Rule 41-1 provides that cases "pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

2. **Analysis**

Here, four of the five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an amended complaint to cure the deficiencies noted by the Court three months ago has stalled the litigation and impeded the Court's ability to efficiently address the cases before it. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Defendants—does not weigh in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). However, here, Defendants have not yet been served because the Court dismissed the Complaint at the screening stage (i.e., before service on Defendants). Consequently, Defendants have not been prejudiced. Nevertheless, the other factors combine to weigh in favor of dismissal. Id. at 1452-53 ('[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility to promptly cure the deficiencies in his pleading, thereby enabling service of his lawsuit on Defendants, or to otherwise

communicate with the Court regarding extensions of time. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his participation or compliance to the Court's orders. Plaintiff's refusal to comply with this Court's Orders and the Local Rules compels the conclusion that Plaintiff has abandoned this action. Nonetheless, because Plaintiff has stated at least one viable constitutional claim in his FAC, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to pursue his legal claim, should he choose to do so. Consequently, no less drastic sanctions are available here.

Accordingly, because the consideration of the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for want of prosecution.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: August 31, 2018

_____
HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

4